UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AIRIS DIAZ ASCENSIO, <br><br> Petitioner, <br><br> v. <br><br> ANTONE MONIZ, Superintendent of the Plymouth County Correctional Facility, PATRICIA HYDE, Field Office Director, TODD LYONS, Acting Director U.S. Immigration And Customs Enforcement, MARKWAYNE MULLIN, U.S. Secretary of Homeland Security, and TODD BLANCHE, Acting U.S. Attorney General, <br><br> Respondents. | CIVIL ACTION <br> NO. 26-12265-WGY |

YOUNG, D.J.                                                      May 29, 2026

**ORDER**

The Court has reviewed the petition filed by Petitioner Airis Diaz Ascensio ("Diaz Ascensio") for habeas corpus relief under 28 U.S.C. § 2241 ("Pet." or "the Petition"), ECF No. 1, as well as the Respondents' response, Resp. Habeas Pet. ("Resp."), ECF No. 7. The Court hereby ALLOWS the Petition insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving Diaz Ascensio poses a danger to the community or flight risk, see Hernandez-Lara v. Lyons, 10 F.4th 19, 41

(1st Cir. 2021), and ORDERS this hearing be held within seven (7) days of the date of this Order.  The Court further ORDERS Respondents to file a status report -- stating whether Petitioner has been granted bond and, if his request for bond is denied, the reasons for the denial -- within ten (10) days of this Order.

**FACTUAL BACKGROUND**.  Diaz Ascensio is a native and citizen of El Salvador.  Pet. ¶ 2.  He was detained by Immigration Customs Enforcement ("ICE") on or about May 18, 2026, and has since remained in its custody.  Id. ¶ 3.  Diaz Ascensio contends that his detention violates his rights under the Due Process Clause of the Fifth Amendment, id. ¶¶ 40-41, 47-50, as well as INA and APA provisions, id. ¶¶ 36-38, 55-56.  He argues that he is entitled to a bond hearing.  Id. ¶¶ 12-13 and at 10.

**ANALYSIS**.  District courts retain jurisdiction to hear noncitizens' challenges to the legality of their immigration detention.  Kong v. United States, 62 F.4th 608, 614 (1st Cir. 2023).  Since Diaz Ascensio challenges his continued detention, this Court has jurisdiction over his petition.

This Court agrees with petitioner Diaz Ascensio that his custody is governed by 8 U.S.C. § 1226(a) which, as due process requires, entitles him to a bond hearing before an immigration judge.  This conclusion is consistent with a growing body of this court's rulings in similar cases.  See, e.g., Sampiao v.

[2]

Hyde, 799 F. Supp. 3d 14, 19-20 (D. Mass. 2025) (Kobick, J.); De Andrade v. Moniz, 802 F. Supp. 3d 325, 333 (D. Mass. 2025) (Saylor, J.); Araujo da Silva v. Bondi, No. 25-CV-12672-DJC, 2025 WL 2969163, at *2 (D. Mass. Oct. 21, 2025) (Casper, C.J.); Chuqui Paredes v. Moniz, No. CV 26-10335-FDS, 2026 WL 309632, at *2 (D. Mass. Feb. 5, 2026) (Saylor, J.).

In his Petition, Diaz Ascensio contends to be a member of the class certified in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS.  Pet. ¶ 20.  This Court, however, having independently determined Diaz Ascensio's entitlement to a bond hearing, declines to determine the effect of the Guerrero Orellana on this case.  See Batista v. Hyde, No. CV 26-10195-FDS, 2026 WL 205636, at *2, n. 2 (D. Mass. Jan. 27, 2026) (Saylor, J.).

For the foregoing reasons, the Court rules as follows.  The Court ALLOWS the Petition, ECF No. 1, insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving that Diaz Ascensio poses a danger to the community or flight risk, see Hernandez-Lara, 10 F.4th at 41, and ORDERS this hearing be held within seven (7) days of the date of this Order. The Court ORDERS Respondents to file a status report -- stating whether petitioner Diaz Ascensio has been granted bond and, if the request for bond is denied, the reasons for the denial --

[3]

within ten (10) days of this Order.


     **SO ORDERED.**

William G. Young
_____
WILLIAM G. YOUNG
DISTRICT JUDGE

[4]